UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION


FILED
DEC 17 2014
CLERK

```
******************************************************************
                                    *
ROBERT A. HORSE,                    *    CIV 14-4137
                                    *
        Plaintiff,                  *
                                    *    MEMORANDUM OPINION
    vs.                             *    AND ORDER RE: OBJECTIONS TO
                                    *    REPORT AND RECOMMENDATION
WARDEN DARIN YOUNG,                 *
South Dakota State Penitentiary; and*
CABINET SECRETARY DENNIS            *
KAEMINGK, South Dakota              *
Department of Corrections,          *
                                    *
        Defendants.                 *
                                    *
******************************************************************
```

The Plaintiff, Robert A. Horse, filed his Objections to the Report and Recommendation on November 7, 2014. The Court grants the objections in part as the Court finds that the *pro se* Complaint states a cause of action in that it alleges on the continuation of page 3 "The prison officials never evaluated the credibility of the confidential informates, and the anonymous kites used to convict of the disciplinary report."

PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Robert A. Horse is a prisoner at the South Dakota State Penitentiary. He brings this § 1983 action based on a decision by the Prison's Disciplinary Hearing Officials in April of 2014, in which he received punishment of 90 days in Disciplinary Segregation and a $100 fine for violating L-41 and L-45. L-41 and L-45 involve "Conduct which disrupts or interferes with the security or good order of the institution or interfering with a staff member in the performance of his/her duties including circumventing or attempting to circumvent any rule, regulation or L-45 Engaging in gang organization, recruitment, or blatant displays of gang activity or materials related to Security Threat Groups." The Incident Details state:

> On or about the above date and time an inmate was assaulted in the East hall shower room. The following day Special Security was made aware of this incident. During

the investigation over the next several days we conducted several interviews involving reliable CI's and received numerous kites indicating the involvement of known RBH gang members and inmate Horse. During this process inmate Horse's name was mentioned in most of the kites and by the CI's. Special Security has concluded that inmate Horse was involved in the assault by having the known RBH gang member place a "hit" on the victim. Special Security also believes that this was a result of the actions at the NACT meeting that took place earlier in the day. Inmate Horse is the president of this organization.

After unsuccessfully appealing within the penitentiary, Horse brought this action claiming violation of the First, Fifth, Eighth, and Fourteenth Amendments of the Constitution. Specifically, Horse claims that Defendants violated his rights by not allowing him a polygraph examination to prove his innocence and by failing to properly evaluate the credibility of the confidential informants and the kites used to convict him of the violations set forth in the disciplinary reports.

*Polygraph Examination*

In *Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988), the Eighth Circuit held that prisoners were not entitled to polygraph examinations for disciplinary hearings. Based on this holding the Court accepts the Report and Recommendation in dismissing this claim regarding entitlement to a polygraph examination.

*Curtailed Confrontation Rights in Use of Confidential Informants and Anonymous Kites*

The pro se Complaint, given the latitude to pro se litigants, does state a claim upon which relief may be granted in that there is some curtailed confrontation right in prison disciplinary proceedings. *See Sira v. Morton*, 380 F.3d 57 (2d Cir. 2004), *but see McCollum v. Miller*, 695 F.2d 1044 (7th Cir. 1983). In the *McCollum* opinion Judge Posner and the panel remanded for a consideration of the various procedural safeguards discussed in the opinion.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Procedural due process questions are examined in two steps: 1. the first step asks whether there exists a liberty or

property interest which has been interfered with by the State; and 2. the second step examines whether the procedures attendant upon that deprivation were constitutionally sufficient. *Kentucky Dep't. of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Hewitt v. Helms*, 459 U.S 460, 468 (1983); and *Board of Regents of State Colls. v. Roth,* 408 U.S. 564, 571 (1972)). The courts generally limit due process liberty interests created by prison regulations to freedom from restraint which, while not exceeding a prisoner's sentence in such an unexpected manner as to give rise to protection by due process clause of its own force, nonetheless imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner,* 515 U.S. 472, 484 (1995). In addressing the threshold question on the merits of what prison action is a deprivation of liberty within the meaning of the due process clause of the Fifth Amendment, this Court is aware that the Eighth Circuit in *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010), has held that nine months in administrative segregation alone did not amount to an atypical or significant hardship. However, a liberty interest may be conferred based on a stigmatizing consequence of punishment. *See Vitek v. Jones*, 445 U.S. 480, 493-494 (1980) (involuntary mental commitment implicated due process clause of Fourteenth Amendment); *Washington v. Harper*, 494 U.S. 210, 221–222 (1990) (involuntary administration of psychotropic drug to nonconsenting prisoners conferred upon such prisoners a protected liberty interest in being free from arbitrary administration of antipsychotic medications). Horse alleges and the record at this early stage of the proceedings support an allegation that the characterization of a prisoner as a gang member has a stigmatizing effect that supports the finding of a loss of a sufficient liberty interest.

It may be that the development of the record in this case will come to the conclusion that Eighth Circuit case law does not support a finding of a deprivation of liberty so that the confrontation question is not reached in Federal Court. Those determinations will no doubt be addressed in subsequent proceedings on this case. Accordingly,

IT IS ORDERED:

1. That the Magistrate Judge's Report and Recommendation, Doc. 9, is adopted in part and denied in part as set forth in this opinion.

    2.    That the Objections of Plaintiff, Doc. 10, are granted in part and denied in part.

    3.    That the Defendants shall answer the Complaint within the statutory time allowed.

Dated this 17th day of December, 2014.

BY THE COURT:

Lawrence L. Piersol  
United States District Judge

ATTEST:  
JOSEPH HAAS, CLERK

BY: _Jennifer Stevens_  
      Deputy